UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN RENDON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-154-XR |
| | § | |
| BANK OF AMERICA ,N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this date, the Court considered Defendant Bank of America's motion for judgment on the pleadings (docket no. 12), filed November 1, 2012.  No response has been filed.

### Background

Plaintiff filed this lawsuit in state district court on February 6, 2012.  Plaintiff's state-court pleading is entitled "Original Petition to Determine Arrearage and Plaintiff's Application for Temporary Restraining Order and Application for Injunction."  It alleges that Plaintiff purchased property known as 203 Northridge Drive in San Antonio, and that Bank of America is the current holder and/or servicer of the Note.  Plaintiff alleges that the property has been placed in foreclosure due to default under the terms of the deed of trust.

In the "causes of action," Plaintiff alleges the following: (1) that Defendant has erroneously maintained its record of payment, thereby wrongfully scheduling foreclosure on the property; (2) in the alternative, the amount in arrears is incorrect, Defendant should account for the totals it alleges to be owed, and Plaintiff has not received accurate information from Defendant that would enable

Plaintiff to reconcile the discrepancies between her records and Defendant's and to permit her to timely cure any alleged arrears; (3) Defendant has breached or anticipatorily breached the contract with Plaintiff by (a) breaking the terms of the agreement materially, (b) counseling the Plaintiff to enter into default and therein creating the basis for foreclosure, (c) offering a modification plan with no actual intent to modify the mortgage, and (d) violating Chapter 12 of the Texas Civil Practice and Remedies Code (which governs "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property") by filing documents that are misleading, false, or materially misrepresenting facts to the County Clerk's Office that Defendant knows to be untrue.

Plaintiff received an *ex parte* temporary restraining order in state court on February 6, 2012. Defendant filed an answer in state court, and removed the case to this Court on the basis of diversity jurisdiction on February 20.  On March 27, 2012, the parties submitted an agreed proposed scheduling order.  The Court entered the scheduling order on March 28, setting the deadline for plaintiff to file a motion to amend pleadings on May 25, 2012 and the deadline for filing dispositive motions on November 1, 2012, as requested by the parties in their agreed proposed scheduling order.

On November 1, 2012, Bank of America filed its motion for judgment on the pleadings, asserting that Plaintiff's complaint fails to state any facts that would plausibly support a cause of action.  Plaintiff has not filed a response.

## Analysis

### A.  Legal Standard

We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  FED. R. CIV. P. 12(b)(6).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## B. Defendant's motion

Defendant asserts that Plaintiff's claims should be dismissed because Plaintiff's assertions are only "bare allegations."  Defendant further contends that it owes Plaintiff no duty because there is no fiduciary duty between a lender and a borrower, and Plaintiff has no right to an accounting based on either a fiduciary duty or under the contract.  Defendant also argues that the relationship between mortgagor and mortgagee does not involve a duty of good faith, and this cannot form the basis of an accounting.  Defendant further contends that some of Plaintiff's claims are barred by the statute of frauds governing loans, and that any claims based on misrepresentations or misleading or false filings must meet the heightened pleading standard of Rule 9.

## C. Analysis

Defendant's motion emphasizes that Plaintiff's petition states that "Plaintiff alleges" and thus these are mere allegations.  However, generally all assertions in a complaint are allegations, and thus

the fact that Plaintiff includes the term "Plaintiff alleges" has no real bearing on whether the facts alleged are sufficient to state a claim.  Rather, the proper focus is on what Plaintiff is alleging.

Plaintiff alleges that Defendant has erroneously maintained its record of payment and has thereby wrongfully scheduled foreclosure on the property.  Alternatively, Plaintiff alleges that the amount in arrears is incorrect and that Defendant should account for the totals it alleges to be owed. Plaintiff alleges that she has not received current information to enable her to reconcile the discrepancies between her records and Defendant's records, which would permit Plaintiff to cure the arrears.  Defendant argues that these allegations fail to state a claim because they are "conclusory" and "naked" allegations, and because Defendant owes Plaintiff no duty in general, no fiduciary duty, and no duty of good faith.  Defendant further argues it has no duty to provide an accounting.

Because this is a breach-of-contract claim, the Court looks first to the contract between the parties, which consists of the Note and the Security Instrument.  The copy of the contract provided by Defendant is incomplete.  Nevertheless, the Court can discern the following:  The Texas Home Equity Note signed by Plaintiff provides that Plaintiff promises to pay the principal and interest to the lender, and that Plaintiff will pay principal and interest in monthly payments of $1,822.54 on the first day of each month.  The Note further provides that, if the note holder has not received the full amount of any monthly payment by the end of fifteen days after it is due, Plaintiff will pay a late charge of 5%.  If Plaintiff does not pay the full amount of each monthly payment on the date it is due, Plaintiff will be in default, and the Note Holder may send a written notice that if the overdue amount is not paid by a certain date, at least 30 days after the date on which the notice is mailed, the Note may be accelerated.  If the Note is accelerated, Plaintiff may be required to pay the Note Holder's costs and expenses in enforcing the Note, including reasonable attorney's fees.

The Home Equity Note is secured by a Texas Home Equity Security Instrument.  If Borrower defaults, the Lender is entitled to accelerate the Note.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of the Security Instrument discontinued.  Those conditions are that the Borrower pays the Lender all sums that then would be due under the Security Instrument and the Note as if no acceleration had occurred, cures any default of any other covenants or agreements, and pays all expenses incurred in enforcing the Security Instrument.

Plaintiff's petition asserts that Defendant "has erroneously maintained its record of payment thereby wrongfully scheduling foreclosure on the property."  Although lacking factual detail, this allegation could plausibly support a breach-of-contract claim.  If Plaintiff has paid as required under the Note, then the Defendant would not have a right to accelerate and schedule foreclosure under the Note or Security Instrument.[1] *Farrell v. Hunt*, 714 S.W.2d 298 (Tex. 1986); *Slaughter v. Qualls*, 162 S.W.2d 671 (Tex. 1942).  Thus, this allegation, if true, supports a breach-of-contract claim and a right to injunctive relief.

Plaintiff also alleges in the alternative that Defendant has failed to account for the totals it alleges to be owed and that Plaintiff lacks sufficient information to timely cure any alleged arrears.  The contract provides that the Borrower may have enforcement of the Security Instrument discontinued by paying the arrears.  The Lender must inform the Borrower of the amount that must be paid to have enforcement discontinued; thus there is an implied contractual right to have the lender provide accurate information concerning the amount of arrears that the Borrower must pay to have

---

[1] The Court notes that elsewhere Plaintiff indicates that she may actually be in default under the Note.  However, Plaintiff is entitled to plead in the alternative.  Defendant chose to file a 12(c) motion rather than a motion for summary judgment, and the Court must accept the allegations of the pleadings as true in deciding a 12(c) motion.

enforcement discontinued.[2]  Accordingly, the Court denies the motion with regard to these breach-of-contract claims.

Plaintiff's pleading does not clearly specify the other causes of action that she is asserting. Plaintiff also alleges that Defendant breached the contract by counseling Plaintiff to enter into default and therein creating the basis for foreclosure, by "offering a modification plan to the Plaintiff with no actual intent to modify the mortgage made the basis of this suit," and by violating Chapter 12 of the Civil Practice and Remedies Code.

With regard to the allegation that Defendant breached the contract by "counseling Plaintiff to enter into default and therein creating the basis for foreclosure," this Court has previously concluded that a plaintiff may have an estoppel claim if the mortgagor was induced to default in reliance on a purported modification of the mortgage that turns out to be unenforceable under the statute of frauds.  But Plaintiff does not clearly assert an estoppel claim, nor does she argue that she relied on any counseling by Defendant, or that she would not have otherwise defaulted.  Accordingly, as pleaded, this is insufficient to state a plausible claim for relief.

Further, Plaintiff fails to demonstrate how offering a modification plan with no intent to modify the mortgage is a breach of contract.  She does not allege that she accepted a modification plan such that a contract was created.  And to the extent Plaintiff is alleging fraud, the pleading fails to include the requisite specificity.

The allegation that Defendant breached the contract by violating Chapter 12 of the Civil

---

[2] To the extent Plaintiff seeks only to reconcile alleged discrepancies, this would not support a breach-of-contract premised on attempted wrongful foreclosure since the Lender may foreclosure regardless of the magnitude of the default.  Thus, if Plaintiff is in default and Defendant has accelerated the note, her remedy is limited to obtaining an accurate sum from Defendant by which to exercise her right to reinstate after acceleration.

Practice and Remedies Code is nonsensical.  If this is intended to be a stand-alone claim for a violation of Chapter 12, it fails to allege sufficient facts to support such a claim.  Section 12.002(a) states that a person "may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court . . . evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress."  There are no allegations that Defendant made, presented or used a document with knowledge that it was fraudulent, intended it to be given the same legal effect as a record evidencing a valid lien or claim, or that it did so with the intent to cause harm.  A general assertion that Defendant violated Chapter 12 is insufficient to state a claim.

### Conclusion

Defendant's motion for judgment on the pleadings (docket no. 12) is GRANTED IN PART and DENIED IN PART as stated herein.  Plaintiff's breach-of-contract claims remain pending.

In light of the ruling on the motion for judgment on the pleadings, the Court considers the status of this case.  Plaintiff has not sought leave to amend, and thus the pleadings are set.  In addition, the discovery deadline has passed.  As noted, Plaintiff's breach-of-contract claim alleges that Defendant is attempting to wrongfully foreclose because she is not in default.  Yet she also alleges that she is in default but lacks a current pay-off amount to cure the default.  The Court concludes that Plaintiff's breach-of-contract claims are ripe for consideration via a *sua sponte* motion for summary judgment.

It is well settled that a district court may grant summary judgment *sua sponte*, so long as the affected party has notice to come forward with all of her evidence in opposition to summary judgment. *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir. 2000). Accordingly, the Court places Plaintiff on notice to come forward with all of her evidence in support of her claim that Defendant has breached the contract by failing to accurately maintain payment records and wrongfully scheduling the property for foreclosure. Plaintiff shall file her evidence and response to the Court's *sua sponte* consideration of summary judgment no later than **January 7, 2013**.

In addition, by **January 7, 2013**, Defendant shall provide Plaintiff with a current amount of arrears that Plaintiff must pay to have enforcement discontinued, and shall file a notice of compliance with the Court. This Court has warned Bank of America and other mortgagees that their continued practice of filing Rule 12 motions rather than summary judgment motions merely leads to delay, motions to amend pleadings and additional Rule 12 motions, and other procedural complexity. This case is yet another example of the banks' misplaced reliance on Rule 12 as opposed to summary judgment, and the Court remains puzzled by the banks' continued strategy.

It is so ORDERED.

SIGNED this 17th day of December, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE